IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 21-cv-02364-NYW-NRN

TERESA BYRON-AMEN,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

## ORDER ON PENDING MOTIONS

This matter is before the Court on two motions:

(1) Plaintiff Theresa Byron-Amen's ("Plaintiff") Motion for Reconsideration of Court's May 18, 2022 Order (ECF No. 41) ("Motion for Reconsideration" or "Motion") [Doc. 69, filed January 24, 2023]; and

(2) Defendant State Farm Mutual Automobile Insurance Company's ("Defendant") Unopposed Motion for Extension of Time to File Motions for Summary Judgment and Motions Pursuant to Federal Rule of Evidence 702 ("Motion for Extension") [Doc. 75, filed March 21, 2023].

Upon review of the Motion for Reconsideration, the related briefing, and the applicable case law, Plaintiff's Motion is respectfully **DENIED**; and Defendant's Motion for Extension is **GRANTED**.

## BACKGROUND

On May 18, 2022, this Court denied Plaintiff's Motion to Compel, wherein she sought to

resolve a dispute over Defendant's post-suit claim notes. *See* [Doc. 32]; *see also* [Doc. 41].[1] Specifically, in the Motion to Compel, Plaintiff did not request an order compelling the production of any documents, but instead requested that the Court conduct an *in camera* review of Defendant's post-suit claim notes to "determine the applicability of any privilege." [Doc. 32 at 5]. In its response to the Motion to Compel, Defendant asserted that "[c]ompelling State Farm to disclose its post-suit claim notes and materials . . . would be contrary to Colorado law" and "unfair and prejudicial to State Farm." [Doc. 37 at 3]. Defendant also argued that the post-litigation claims notes were not relevant to Plaintiff's claims, [*id.* at 5], but even if they were, the notes were protected from disclosure by the work-product doctrine. [*Id.* at 12–13]. Plaintiff did not file a reply in support of her Motion to Compel, and therefore did not address Defendant's relevance argument. *See* [Doc. 41 at 4, 7]. However, this Court noted that in her Motion to Compel, Plaintiff asserted that "[c]laims handling, whether pre[-] or post-litigation, is relevant to this lawsuit where State Farm has continued (hopefully) to evaluate Ms. Byron-Amen's claim." [*Id.* at 7]; *see* [Doc. 32 at 2]. Plaintiff had also cited a number of Colorado cases discussing the relevance of certain documents to insurance-dispute claims. *See* [Doc. 32 at 2–3; Doc. 41 at 7]. The Court thus proceeded through a detailed analysis as to why Plaintiff had failed to carry her burden to persuade the court that Defendant's post-litigation claims notes were relevant to either her breach-of-contract claim or statutory unreasonable-delay-or-denial claim. *See* [Doc. 41 at 8–21].

In the instant Motion for Reconsideration, filed on January 23, 2023, Plaintiff contends that the Court should reconsider its Order denying her Motion to Compel "based upon the recent case

---

[1] Originally, this Court fully presided over this matter pursuant to 28 U.S.C. § 636(c), *see* [Doc. 14], and the Order of Reference for all purposes dated October 13, 2021. [Doc. 15]. On July 22, 2022, Judge Wang was confirmed as a United States District Judge and now presides over this case in this capacity. *See* [Doc. 55].

of *U.S. Gen., v. GuideOne Mut. Ins. Co.*, (10th Cir. 2022) issued by the United States Court of Appeals for the Tenth Circuit." [Doc. 69 at 1–2]. According to Plaintiff, the Tenth Circuit's holding in that case "was specific in allowing for information of post-Complaint delays being relevant," [Doc. 69 at 2], based solely on the court's assertion that "[n]o Colorado court has applied this principle—that the initiation of a lawsuit may 'suspend' an insurer's duty to make prompt payments—to unreasonable delay claims under § 10-3-1115." *GuideOne*, No. 22-1145, 2022 WL 17576353, at *4 (10th Cir. Dec. 12, 2022); *see* [Doc. 69 at 2]. Based on the foregoing, Plaintiff concludes, without any analysis, that "the information sought in the Motion to Compel is relevant and discoverable to Plaintiff's claims" because she has "alleged a C.R.S. § 10-3-1115 violation." [Doc. 69 at 2].

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration. Because Plaintiff seeks reconsideration of a non-final order, her Motion "falls within a court's plenary power to revisit and amend interlocutory orders as justice requires." *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, No. 06-cv-00037-PAB-CBS, 2010 WL 420046, at *3 (D. Colo. Feb. 1, 2010); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Courts in this district have applied different standards on motions for reconsideration of non-final orders. *See United Fire & Cas. Co.*, 2010 WL 420046, at *3 (listing cases applying Rule 59(e) standard, Rule 60(b) standard, and "law of the case" standard). But as a general principle, courts may grant motions to reconsider where there is "(1) an intervening

3

change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is not an avenue for a party to reargue issues by rehashing facts and arguments already addressed or available, yet neglected, in the original proceeding. *See id.; Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). "The decision to grant reconsideration is committed to the sound discretion of the district court." *F.T.C. v. Chapman*, 714 F.3d 1211, 1219 (10th Cir. 2013) (internal alterations, quotation, and citation omitted), and courts in this District generally "have imposed limits on their broad discretion to revisit interlocutory orders as justice requires," *Spring Creek Expl. & Prod. Co., LLC v. Hess Inv. II, LLC*, No. 14-cv-00134-PAB-KMT, 2015 WL 3542699, at *2 (D. Colo. June 5, 2015).

## ANALYSIS

The Court respectfully finds that reconsideration of Plaintiff's Motion to Compel is not warranted. As an initial matter, the *GuideOne* court did not address the issue of relevance at all, despite Plaintiff's suggestion to the contrary. *See generally GuideOne*, 2022 WL 17576353, at *4. Rather, the court stated as follows:

> No Colorado court has applied this principle—that the initiation of a lawsuit may "suspend" an insurer's duty to make prompt payments—to unreasonable delay claims under § 10-3-1115. And no Colorado court has ever held that an unreasonable delay claim—whether statutory or common law—encompasses only damages arising before the insured files suit. To the contrary, the Colorado courts of appeals have repeatedly emphasized that "bad faith breach of an insurance contract encompasses all of the dealings between the parties, including conduct occurring before, during, and after trial."

*Id.* (citation omitted). Plaintiff does not explain how this assertion applies to her claims as this Court did not conclude that Ms. Byron-Amen could not collect damages for any delayed insurance benefits incurred after filing suit. Rather, in its Order denying Plaintiff's Motion to Compel, this

4

Court determined that Plaintiff failed to establish relevance between Defendant's post-litigation claims notes and her causes of action, explaining, *inter alia*, that:

> [t]o the extent that Plaintiff already alleges that State Farm has unduly delayed and/or denied the payment of her claim prior to the initiation of the lawsuit, the continuation of such delay post-litigation does not render post-suit information relevant because, as discussed above, the reasonableness of insurer's decision to delay payment "requires an assessment of whether the insurer's coverage decision was unreasonable *when it occurred*." And to the extent that Plaintiff asserts that since the inception of this litigation, she has "undergone a significant spinal surgery and approximately 7,000 pages of medical records have been provided to State Farm, along with executed Medical Authorizations/Releases being provided to State Farm," thus triggering a different theory of undue delay and/or denial of benefits than what is articulated in her Complaint, she makes no such argument with any specificity.

[Doc. 41 at 19 (citations omitted)]. Despite the Court's previous observation regarding Plaintiff's failure to sufficiently discuss relevance in her Motion to Compel, she fails again to do so in the Motion for Reconsideration. Instead, she merely claims *GuideOne* "allow[s] for information of post-Complaint delays being relevant"—which, as explained above, it does not necessarily make post-Complaint delays relevant *per se*—and concludes, without any explanation, that "the information sought in the Motion to Compel is relevant and discoverable to Plaintiff's claims." [Doc. 69 at 2]. What is more, Plaintiff does not argue relevance until her Reply brief. *See* [Doc. 74 at 3–6]. However, because this argument was raised for the first time in a reply brief, it is deemed waived. *See Ulibarri v. City & Cnty. of Denver*, 742 F. Supp. 2d 1192, 1218 (D. Colo. 2010). So, too, is Plaintiff's argument in her Reply brief that she is seeking reconsideration "based upon . . . new evidence available." [Doc. 74 at 1, 6–7]. Plaintiff did not mention any new evidence in her opening brief, despite acknowledging the applicable standard therein and despite the fact that evidence she cites seems to have been available before the filing of the Motion for Reconsideration. *See* [Doc. 69 at 1–2 ("Plaintiff requests the Court reconsider its Order [on her Motion to Compel] . . . based upon the recent case of *U.S. Gen. v. GuideOne Mut. Ins. Co.*, (10th

5

Cir. 2022) issued by the United States Court of Appeals for the Tenth Circuit. . . . 'Grounds warranting a motion to reconsider include . . . *new evidence previously unavailable* . . . Now, with the Order and Judgment issued by the [Tenth Circuit] . . . , Plaintiff seeks reconsideration of the Court's May 18, 2022 Order." (emphasis added))].

In sum, this Court is not persuaded that it should reconsider its prior Order denying Plaintiff's Motion to Compel—the instant Motion does not identify an intervening change in the controlling law, new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) Plaintiff's Motion for Reconsideration of Court's May 18, 2022 Order (ECF No. 41) [Doc. 69] is **DENIED**; and

(2) Defendant's Unopposed Motion for Extension of Time to File Motions for Summary Judgment and Motions Pursuant to Federal Rule of Evidence 702 [Doc. 75] is **GRANTED**.

(3) Motions for Summary Judgment and Motions Pursuant to Federal Rule of Civil Procedure 702 are due no later than **March 31, 2023**.

DATED: March 24, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge